IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Gloster and Victoria Gloster | : | |
| t/b/a/ Gloster Marketing | : | CIVIL ACTION |
| | : | NO. 02-CV-7140 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| Relios, Inc. | : | JURY TRIAL DEMAND |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

1.   Plaintiff Michael Gloster is a resident of Pennsylvania, residing at 414 Miden Way, Wynnewood, Pennsylvania.

2.   Plaintiff Victoria Gloster is a resident of Pennsylvania, residing at 414 Miden Way, Wynnewood, Pennsylvania.  Gloster Marketing is a trade name used by Michael and Victoria Gloster.  The terms Gloster and Gloster Marketing are used interchangeably and refer to Plaintiffs herein.

3.   Defendant Relios Inc., ("Relios") is a New Mexico corporation with a principle address of 750 Rankin Road, N.E. Albuquerque, New Mexico 87107.

4.   Relios regularly markets and sells its products in Philadelphia, Pennsylvania, purposely availing itself of Pennsylvania law.

5.   Jurisdiction is premised on the violation of federal law. 28 U.S.C.A. §1331.

6.   Gloster Marketing was formed in 1980 to provide marketing and promotional services to companies marketing a variety of goods and services.

7. Gloster Marketing is involved in the design, manufacture and/or sale of sculptures, fine jewelry, clothing, tapestries and textiles, furniture, artifacts and other original works of art.

8. Gloster Marketing has been involved in the design, manufacture, import and sale of African art and artifacts including fine jewelry, furniture and structures in different media since at least as early as 1992

9. Gloster Marketing developed multi-tiered marketing programs directed to the sculptural works, including creating categories of works, developing background story materials concerning not only the pieces themselves, but also explaining the nature of the Shona sculpture art form, and the process of manufacture of the sculptural works.

10. Michael Gloster is personally involved with African artists in the creation and development of original designs for sculpture in a variety of mediums, such as stone, ceramics, wood and precious metals. These Zimbabwean artists have developed with Gloster Marketing, a specific line of family-themed artwork in response to market driven aesthetics in the U.S.

11. Gloster marketing is the co-author and/or owner by assignment of the copyright in these designs, a number of which designs have been registered in the U.S. Copyright Office and recorded with U.S. Customs

12. Gloster Marketing has developed a collection of trademarks for several categories of sculptural works such as "Unity," "Celebration," "Loving Family," "Dancing Family," "Loving/Dancing Family," "Mother and Child," "Togetherness," "Loving Couple," "Dancing Couple."

13. Each of these trademarks are used on a variety of pieces including similar works created different medium such as stone, ceramic, metal and precious metals.

14. The Gloster Marketing trademarks are used to identify specific product lines not the titles of the works in sales. Examples of the titles of some works within the trademark series Gloster Marketing has designed and sold include: "Kurezva," "Mhemberero," "Spirit of Ukama." "Muri Yakarongwa," and "Vandanani."

15. Gloster Marketing uses the trademarks "LOVING FAMILY", "DANCING FAMILY", "LOVING/DANCING FAMILY" and has used such marks extensively in commerce since at least as early as 1992, in connection with sculptural works.

16. Gloster Marketing's use of these trademarks has been substantially exclusive and continuous in connection with its various products and sculptural works.

17. Goods being sold under these trademarks are works of art and therefore the trademark is not physically affixed to the goods.

18. Gloster Marketing has developed informational materials pertaining to each of the works its sells and provide its retailers with copies of these materials for inclusion with the works being sold. The informational material includes background stories which relate to the piece as well as the nature of the Shona sculpture art form and the process of producing the piece.

18. These materials bear the relevant trademark for each work being sold, such as "LOVING FAMILY" and identify Gloster Marketing as the source of the written materials and products.

19. This text and these marks are used at the point of sale by retailers in their catalogs with depictions of the sculptures.

20.     Gloster Marketing wholesales its sculptures to companies such as the Smithsonian and The Museum Company. The informational materials concerning each of the sculptures is shipped to the retailers along with the works themselves and the retailers are requested to include such information with each work sold.

21.     Defendant has misappropriated the Gloster Marketing trademark "LOVING FAMILY" and has modeled its jewelry products on those designs developed by Gloster Marketing and executed by those Zimbabwean artists.

22.     Some time prior to 1995, Defendant purchased one of Gloster Marketing's "Togetherness" works from the Smithsonian Catalog and created a pendant "inspired" by that design.

23.     The pendant which has the same shape and physical appearance as the Gloster Marketing "Togetherness" piece was then offered for sale through the Smithsonian catalog under the name "Loving Family", and included as product information a re-written form of Gloster Marketing's promotional materials.

24.     The similarity of the jewelry designs and Gloster Marketing's copyrighted sculptural designs creates confusion of consumers familiar with Gloster Marketing's products, and such consumers will believe in error that the Defendant's "Loving Family" and "Togetherness" jewelry products originate from the same source, or are licensed or otherwise sponsored by Gloster Marketing.

25.     Defendant also includes point of sale informational marketing materials that are virtually identical to those produced by Gloster Marketing.

26. Both Gloster Marketing and Defendant sell their products through many of the same channels and this only increase customers' confusion.

25. Gloster Marketing and Defendant sells their goods through many of the same marketing channels, specifically direct mail catalogs such as Smithsonian, Seasons, and Signals.

26. Defendants have impinged on designs developed by Gloster Marketing and have negatively impacted Gloster Marketing's ability to negotiate with other jewelry companies to license Gloster Marketing's marks and designs and have compromised Gloster Marketing's ability to fully control the use of their trademarks, copyrights, designs and works. Defendants are making use of the Gloster Marketing marks "LOVING FAMILY" and "TOGETHERNESS".

27. Gloster Marketing's marks are and have been famous since long prior to the commencement of defendant's activities complained of herein.

28. Gloster Marketing holds duly registered trademark and copyright for the works entitled "LOVING FAMILY" and "TOGETHERNESS".

29. Defendant's use of "Loving Family" and Togetherness" as a mark was discovered by Gloster Marketing. When confronted by Gloster Marketing, defendant refused to take any action and continued to infringe on Gloster Marketing's trademarks and copyrights.

30. Defendant's goods are sold under a mark that is a counterfeit of Gloster Marketing's marks.

31. Defendants have actual notice of the trademarks Gloster Marketing has registered and constructive notice of the registered trademark rights of Gloster Marketing.

32. Defendants have adopted the "Loving Family" and "Togetherness" mark willfully, intentionally, and knowingly and in bad faith, and have continued to use such mark with the intent to trade on the reputation and goodwill of Gloster Marketing.

33. Indicative of defendant's willful infringement, defendant's jewelry design is strikingly similar in appearance to that of the Gloster Marketing sculpture.

34. Defendant has been aware of the Gloster Marketing trademarks, copyrights and designs prior to its application for a trademark filed on or about February 10, 1998 for jewelry.

## COUNT I
## TRADEMARK INFRINGEMENT - 15 U.S.C. §1114

35. Plaintiff restate and incorporate by reference paragraphs 1- 34 as if fully set forth herein.

36. Use by defendants of trademarks "Loving Family" and "Togetherness" as a mark on and in connection with jewelry and in the marketing and advertising thereof, is likely to cause confusion with Gloster Marketing's registered trademarks given the close similarity between the marks and the related nature of the goods.

37. Members of the public who see defendant's marks are likely to believe in error that defendant's goods are made or under license from Gloster Marketing or the defendant's product is a line extension of Gloster Marketing.

38. Use by defendant of "Loving Family" and "Togetherness" as a mark on and in connection with jewelry and in the marketing and advertisement thereof, is likely to cause confusion, mistake, and deception among the relevant public and trade as to the source or sponsorship of defendant's goods and business and as to the affiliation of Gloster Marketing with

defendant, causing harm to Gloster Marketing's business, reputation and goodwill, as well as harm to the public.

39. Gloster Marketing has not consented directly or indirectly to use by defendants of "Loving Family" or "Togetherness" as a mark on or in connection with jewelry, or in the marketing advertising thereof.

40. The activities of defendants complained of herein constitute trademark infringement of Gloster's registered marks in violation of Lanham Act, 15 U.S.C. §1114, to the substantial and irreparable injury of Gloster's business, reputation and goodwill.

41. Gloster has no adequate remedy at law. The said conduct of defendants has caused and, if not enjoined, will continue to cause, irreparable injury to Gloster.

42. Gloster has sustained and will sustain damages from the aforesaid lawful actions of defendants, in am amount to be determined at trial.

## COUNT II
## FEDERAL COPYRIGHT INFRINGEMENT

43. Gloster repeats and realleges the allegations contained in the preceding paragraphs of the Complaint as though the same were fully rewritten herein.

44. In 1992, Gloster created original works, namely the "LOVING FAMILY" and "TOGETHERNESS" sculptures and the informational materials sold with the sculptures. These informational materials and subsequent versions of it, has been continuously used by Gloster to promote and market for sale to the public its sculptures, including "LOVING FAMILY" and "TOGETHERNESS". The informational materials have been widely disseminated in interstate commerce. Defendants have accordingly had access to the informational materials.

45.     Gloster has complied in all respects with the United States Copyright Act, including 17 U.S.C. §408, with regard to the registration of its copyright in the subject work. Gloster was granted U.S. Copyright for his work.

46.     Defendants have reproduced and upon information and belief, continue to reproduce, promotional materials which are derived from and substantially similar to Gloster's copyrighted informational materials, without authorization or permission from Gloster. Defendants' actions constitute copyright infringement in violation of Gloster's rights under 17 U.S.C. §501 et seq.

47.     Upon information and belief, defendants' infringement is willful, wanton, knowing and in bad faith.

48.     As a direct and proximate result of the infringement by defendants, Gloster had suffered irreparable harm and monetary damages in an amount to be determined at trial.

49.     Unless enjoined, defendants will continue to infringe Gloster's copyright rights, and Gloster will continue to suffer irreparable harm as a result thereof.

50.     Gloster has no adequate remedy at law.

### COUNT III
### UNFAIR COMPETITION IN THE NATURE OF
### FALSE DESIGNATION OR ORIGIN 15 U.S.C. §1125(a)

51.     Gloster repeats and realleges the allegations contained in the preceding paragraphs of the Complaint as if the same were fully rewritten herein.

52.     Defendants' use of "Loving Family" and "Togetherness" as a mark on and in connection with the sale of jewelry, and in the marketing and advertising thereof, constitutes a

false designation of origin or sponsorship which is likely to deceive purchasers, prospective purchasers, and members of the relevant trade and public, into believing that products of defendants are those of Gloster Marketing, or are products authorized or approved by Gloster Marketing, or are sold by an affiliate of or under license from Gloster Marketing, in violation of 15 U.S.C. §1125(a).

53. Such use of defendants of "Loving Family" and "Togetherness" falsely suggests that defendants are entities affiliated with Gloster, or that their products are the same as the products of Gloster, or that their products are produced under license form or in association with Gloster, or that defendants are authorized agents of Gloster, all of which constitute false or misleading representations of material fact in violation of 15 U.S.C. §1125(a).

54. Gloster does not and cannot exercise control over the nature and quality of the products provided by defendants under a mark that is confusingly similar to that of Gloster Marketing's "LOVING FAMILY" and "TOGETHERNESS" marks.

55. The activities of defendants complained of herein constitute false designation of origin in violation of 15 U.S.C. §1125(a).

56. Gloster has no adequate remedy at law. The said conduct of defendants has caused and, if not enjoined, will continue to cause, irreparable injury to Gloster.

57. Gloster has sustained and will sustain substantial damages from the aforesaid unlawful actions of defendants, in amount to be determined at trial.

## COUNT IV
## UNFAIR COMPETITION IN THE NATURE
## OF FALSE ADVERTISING – 15 U.S.C. §1125(a)

58.     Gloster repeats and realleges the allegations contained in the preceding paragraphs of the Complaint as if the same were fully rewritten herein.

59.     The claim made by defendants that they have developed "Loving Family" and "Togetherness" jewelry from folk art is literally false.

60.     Defendants claims that "Loving Family" and "Togetherness" jewelry were developed from Shona folk art.  This constitutes a false and misleading representation which is likely to deceive purchasers, prospective purchasers, and members of the relevant trade to the detriment of Gloster Marketing, which sells competitive products, specifically, sculptures bearing the same name.  Since Gloster Marketing offers its products through some of the exact same catalogs as defendants sell their jewelry, use of a false claim about the nature of the jewelry in conjunction with the use of an infringing mark falsely suggests that defendants are affiliated with Gloster Marketing and/or that their product is a Gloster Marketing product.

61.     The aforesaid acts of defendants constitute false advertising in violation of 15 U.S.C. §1125(a).

62.     Gloster has no adequate remedy at law.  The said conduct of defendants has caused, and if not enjoined, will continue to cause, irreparable injury to Gloster.

63.     Gloster has sustained and will sustain substantial damages from the aforesaid lawful actions of defendants, in an amount to be determined at trial.

## COUNT V
## **FEDERAL TRADEMARK DILUTION – 15 U.S.C. §1125(c)**

64. Gloster repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as if the same were fully rewritten herein.

65. The "TOGETHERNESS" and "LOVING FAMILY" marks used by Gloster Marketing are famous in the markets and channels through which they are sold, including the home furnishings and art markets and attained such fame prior to the first use of "Loving Family" or "Togetherness" by defendants.

66. Use of "Loving Family" or "Togetherness" by defendants on or in connection with jewelry in the marketing and advertising thereof, diminishes and dilutes the distinctive quality of the "Loving Family" or Togetherness" mark used and registered with Gloster Marketing, in the home furnishings and art industry.

67. The said conduct of defendants, as described herein and in the preceding causes of action of this Complaint, dilutes and will continue to dilute the distinctive quality of Gloster Marketing's federally registered marks, and so causes and will cause irreparable damage to Gloster Marketing, in violation of 15 U.S.C. §1125(c).

68. Gloster Marketing has no adequate remedy at law. The said conduct of defendants has caused, and if not enjoined, will continue to cause, irreparable injury to Gloster.

69. Gloster Marketing has sustained and will sustain substantial damages from the aforesaid unlawful actions of defendants, for an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, respectfully demands judgment:

1. That defendants's conduct as described herein constitutes:

    (a) trademark infringement, in violation of the Lanham Act, 15 U.S.C. §1114;

    (b) copyright infringement, in violation of the Copyright Act of 1976, 17 U.S.C. §501;

    (c) unfair competition in the nature of false advertising and false designation of origin and representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

    (d) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

2. That the defendants, their officers, directors, agents, servants, employees, attorneys, related companies, licenses, and all persons acting for, with, by, through, and under them be enjoined; (a) from using "Loving Family" and "Togetherness as a mark or component of a mark or in connection with jewelry or other art work or home furnishing not originating with Gloster Marketing or authorized by Gloster Marketing; (b) from committing any act calculated or likely to cause purchasers, potential purchasers, or members to the relevant trade or public to believe that the business or goods of defendants are sponsored, authorized, or otherwise approved by Gloster, unless they are such; (c) from using in any manner Gloster's trademarks, or any other false designations of origin, false or misleading representations, or otherwise commit any other acts of unfair competition or deceptive or unlawful trade practices, which may imply or lead the public to believe that a product or service not originating with Gloster is Gloster's product or that

defendants' goods are in any way sponsored, affiliated, approved, licensed or authorized by Gloster; (d) from doing any other act which may, or is intended or designed or calculated to dilute, tarnish or disparage the distinctive quality of Gloster's trademarks or the reputation of Gloster; (e) from directly or indirectly copying, reproducing, manufacturing promoting, advertising, distributing or selling promotional materials, packaging, labels, advertising brochures, sale displays, and other materials for their jewelry or other art work or home furnishing which infringe Gloster's copyright rights.

3. That the defendants pay to Plaintiffs damages or statutory damages pursuant to 15 U.S.C. §1117(c)(2), in consequence to the willful nature of defendants' use of a counterfeit mark in connection with goods sold, offered for sale, or distributed;

4. That the defendants pay to Plaintiffs such damages as Plaintiff has sustained in consequences of the copyright infringement by defendants, and to authorize and pay to Plaintiffs all gains, profits, and advantages derived by defendants from said copyright infringement.

5. That the defendants pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of the unfair competition by defendants, and to account for and pay to Plaintiffs all gains, profits, and advantages derived by defendants from unsaid competition;

6. That the defendants pay to Plaintiffs three times such profits or damages, whichever is greater, together with the prejudgment interest, as a consequence of the willful nature of defendant's unlawful conduct.

7. That defendants be required to recall and destroy all items not yet in the hands of ultimate purchasers, including but not limited to infringing goods, labels, advertising ,

promotional materials, packaging, and point of sale displays, that bear "Loving Family" or "Togetherness" as a mark.

8. That defendants are required to recall and destroy all labels, advertising, sales displays, and other materials in the possession, custody, or control of defendants, which are reproductions of and/or are derived from Gloster's copyrighted brochure.

9. That defendants pay to Plaintiffs its reasonable attorney's fees and full costs of this action pursuant to 15 U.S.C. §1117.

10. That Gloster have such other and further relief as the Court may deem equitable.

Dated: September 4, 2002

STEIN & SILVERMAN, P.C.

_____
Leon W. Silverman
Allison S. Lapat
Andrew Lapat
230 S. Broad Street, 18th Floor
Philadelphia, PA 19102
(215) 985-0255

Attorneys for Plaintiffs

G:\GLOSTER\Complaint.wpd