UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GLOSTER and VICTORIA GLOSTER t/b/a GLOSTER MARKETING,<br><br>            Plaintiffs<br><br>  v.<br><br>RELIOS, INC., H. WILLIAM POLLACK III, CAROLYN POLLACK<br><br>            Defendants | CIVIL ACTION<br><br>No. 02-7140 |

**MEMORANDUM/ORDER**

June 23, 2006

      Plaintiffs Michael Gloster and Victoria Gloster, t/b/a Gloster Marketing (collectively "Gloster") brought suit in 2002 against Relios, Inc., H. William Pollack III, and Carolyn Pollack (collectively "Relios").

      On August 19, 2005, this court denied defendant Relios's motion for summary judgment on the basis of laches and overruled Relios's objection to Magistrate Judge Angell's earlier ruling concerning discovery of attorney-client privileged information.

      On August 26, 2005, Relios filed a motion for reconsideration of these rulings. A motion for reconsideration can be granted only for: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court

granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Since there has been no change in controlling law and no new evidence has been presented, this motion can only succeed if Relios demonstrates that this court's August 2005 order yields clear error or manifest injustice.

## I.

Laches is an equitable remedy barring relief to those who sleep on their rights. If a plaintiff files suit within the applicable statute of limitations, the burden is on the defendant to establish laches as an affirmative defense. However, once the statute of limitations has run, the defendant is entitled to a presumption of laches, which the plaintiff must rebut. *See Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 138 (3d Cir. 2005) (citing *EEOC v. The Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984)).[1]

---

[1] Whether the statute of limitations has run for the purpose of determining whether a presumption of laches applies is distinct from whether the statute of limitation itself bars suit.

In cases of continuing infringement, the majority rule is that a plaintiff may recover for infringement which occurred during the statutory limitations period preceding the filing of the suit, but may not recover for infringement which occurred prior to that period. *See, e.g.*, *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit"). This court adopted that reasoning in its August 2005 order. Therefore, for example, Gloster may only recover for trademark infringement which occurred in the six years prior to commencement of this action.

Notwithstanding this rolling calculus, for the purpose of a laches analysis in a case

Laches consists of two elements: (1) inexcusable or unreasonable delay in filing suit, and (2) prejudice to the defendant resulting from the delay. *See Univ. of Pittsburgh v. Champion Products, Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982). If the presumption of laches applies, the plaintiff must disprove both elements in order to rebut the presumption. *See Santana*, 401 F.3d at 138-39. Because laches is an equitable measure, the evidence a plaintiff must offer to rebut the presumption of laches depends greatly on the facts and equities of each case. *Cf. Country Floors v. Partnership of Gepner and Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991) (noting the fact-specific nature of laches analysis).

Relios argues that a presumption of laches arises as to Gloster's copyright and trademark claims, and that Gloster has failed to offer sufficient evidence to rebut this presumption. Relios asserts that this court should reconsider it's August 2005 ruling for failure to apply duly this presumption.

**A. Presumption of Laches**

For the reasons given in today's separate memorandum concerning Gloster's motion for summary judgment regarding Relios's statute of limitations and laches

---

involving continuing wrongs, the statutory limitations period commences when the plaintiff knew or should have known about the cause of action. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002); *see also Santana*, 401 F.3d at 138, n.16 (discussing the finding of the district court, *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 249 F. Supp. 2d 463, 501 (M.D. Pa. 2003), in this regard).

defenses to trademark claims, and for the reasons given at this court's August 2005 hearing, no presumption of laches applies to Gloster's claim of trademark infringement under the Lanham Act, which is subject to a six-year statute of limitations. A presumption of laches is applicable to Gloster's copyright and trademark dilution claims, which are subject to shorter statutory periods.

**B. Application**

Because this court's August 2005 ruling does not reflect an improper finding in light of such a presumption, reconsideration is not merited. Simply stated, this court found, based on the arguments and evidence presented, that one could conclude that Gloster––the nonmoving party––did not engage in an unreasonable delay and did not prejudice Relios. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As acknowledged in this court's previous ruling, Gloster has suggested a number of factors to account for the delay in filing suit. Relios argues that certain assertions in affidavits submitted by Gloster must be ignored because they reference documents which were not attached. Even in the absence of those assertions, a reasonable fact-finder could conclude that Gloster rebutted any presumption of laches. *Cf., e.g.*, *Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1083-84 (9th Cir. 2000); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 831 F. Supp. 202, 219 (D. Mass. 1993)*, rev'd on other grounds*, 49 F.3d 807 (1st Cir. 1995), *aff'd*, 516 U.S. 233 (1996). Any further determination would require

evaluation of the evidence in a manner inappropriate at the summary judgment stage.

In performing a laches analysis, courts recognize two forms of prejudice—economic prejudice and evidentiary prejudice. Relios asserts the latter. This court previously considered the availability of documents and witnesses; the conclusion that a reasonable fact-finder could find that Gloster's delay did not prejudice Relios does not represent a clear error of fact or law. *Cf. Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954 (9th Cir. 2001); *MacLean Assoc., Inc. v. William M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 780 (3d Cir. 1991).

In sum, because the denial of summary judgment based on laches does not reflect a clear error of law or work an injustice, Relios's motion for reconsideration will be denied.

## II.

Relios also urges this court to reconsider its treatment of Judge Angell's November 22, 2004 discovery ruling. Judge Angell's order governed the scope of discovery and compelled Gloster to submit all correspondence with counsel regarding any "basic facts" about "any infringers and any actions taken from October of 1995 through March of 1998." The order states explicitly that the provision of certain documents "does not lead to a more broad waiver of the attorney-client privilege."

This court's August 2005 ruling rejected Relios's contention that, contrary to Judge Angell's order, Gloster broadly waived its attorney-client privilege by arguing, as a defense to Relios's statute of limitations and laches claims, that it was following the

5

advice of counsel.  In its motion for reconsideration, Relios offers this argument once again.

Reconsideration of this is only appropriate to correct a clear error of law, which is not present here.  The materials excluded from Judge Angell's November 2004 order are those that do not relate to "infringers [or] any actions taken against from October of 1995 through March of 1998."  Such documents are, by their very nature, not relevant to the instant action.  Judge Angell correctly determined the scope of allowable discovery and waiver of privilege.  Relios's motion for reconsideration will be denied.

### III.

Accordingly, it is hereby ORDERED that Relios's motion for reconsideration on the issues of laches and discovery of privileged documents (Docket # 147) is DENIED.

FOR THE COURT:

/s/ Louis H. Pollak

Pollak, J.