UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GLOSTER and VICTORIA GLOSTER t/b/a GLOSTER MARKETING, | CIVIL ACTION |
| Plaintiffs | No. 02-7140 |
| v. | |
| RELIOS, INC., H. WILLIAM POLLACK III, CAROLYN POLLACK | |
| Defendants | |

MEMORANDUM/ORDER

June 23, 2006

On August 19, 2005, this court denied a motion for summary judgment on the basis of laches filed by Relios, Inc., H. Willaim Pollack III, and Carolyn Pollack (collectively, "Relios"). Today this court has denied Relios's motion for reconsideration of its August 19, 2005 decision.

Presently before this court is a motion for summary judgment regarding Relios's statute of limitations and laches defenses to trademark claims filed by Michael Gloster and Victoria Gloster, t/b/a Gloster Marketing. For the reasons stated herein, this motion will be dismissed in part as moot and the remainder of the motion will be denied.

I.

The portion of Gloster's motion which pertains to the statute of limitations for claims under Section 43(a) of the Lanham Act was rendered moot by this court's August 2005 decision. This court held that, in light of *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.,* 401 F.3d 123 (3d Cir. 2005) and the rules governing continuing infringement, Gloster may only recover under Section 43(a) of the Lanham Act for trademark wrongs occurring on or after to September 5, 1996.

## II.

If a plaintiff files suit within the applicable statute of limitations, the burden is on the defendant to establish laches as an affirmative defense. *See Santana Products, Inc.*, 401 F.3d at 138 (citing *EEOC v. The Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984)). The statutory limitations period commences when the plaintiff knew or should have known about the cause of action. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002); *see also Santana Products, Inc.*, 401 F.3d at 138, n.16 (discussing the finding of the district court, *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 249 F. Supp. 2d 463, 501 (M.D. Pa. 2003), in this regard).

In light of this standard, there is insufficient evidence to establish that the limitations period commenced with regard to Gloster's claim of trademark infringement before September 5, 1996.[1] Therefore, no presumption of laches arises as to Gloster's

---

[1] Evidence of limited sales prior to September 1996 and limited distribution of marketing materials (i.e., unattributed inclusion in the Smithsonian catalogue distributed in the summer of 1996, postcards distributed by Relios in December 1995, and attendance

trademark claim under the Lanham Act, which is subject to a six-year statute of limitations.

Nonetheless, Gloster's motion for summary judgment on Relios's laches defense to Gloster's trademark claims will be denied. Relios asserts that Gloster unreasonably delayed filing of the instant action, resulting in the diminution of evidence in a manner prejudicial to Relios. Because of the fact-specific nature of a laches inquiry and the constraints on this court's evaluation at this stage, a grant of summary judgment would be inappropriate.

## III.

Accordingly, it is hereby ORDERED that Gloster's motion for summary judgment (Docket #116) is DISMISSED as MOOT with regard to Relios's statute of limitations defense to Gloster's trademark claims and is DENIED with regard to Relios's laches defense to Gloster's trademark claims.

FOR THE COURT:

/s/ Louis H. Pollak
Pollak, J.

---

at a trade show in January 1996) are insufficient to establish that Gloster knew or should have known about Relios's alleged infringement of the Loving Family and Togetherness trademarks prior to September 5, 1996.