# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GLOSTER AND VICTORIA GLOSTER t/b/a GLOSTER MARKETING, | CIVIL ACTION |
| Plaintiffs, | No. 02-7140 |
| v. | |
| RELIOS, INC., H. WILLIAM POLLACK III, CAROLYN POLLACK | |
| Defendants. | |

## OPINION

Pollak, J.                                                                June 28, 2006

      Plaintiffs Michael Gloster and Victoria Gloster, t/b/a Gloster Marketing (collectively "Gloster") brought suit in 2002 against Relios, Inc., H. William Pollack III and Carolyn Pollack (collectively "Relios").

      This court's August 19, 2005 order denied Relios's summary judgment motion to bar award of statutory damages and attorney's fees pursuant to 17 U.S.C. § 412, the Copyright Act ("the Act").  The court did so without prejudice to a renewal of the motion, supported by a showing of the dates on which infringement of Gloster's copyright commenced.

      On September 8, 2005, Relios filed a renewed summary judgment motion to bar award of statutory damages and attorney's fees pursuant to 17 U.S.C. § 412.  (Docket #148.)  Summary judgment may be granted only if no disputed fact exists that might

affect the disposition of the claim and if the evidence is such that no reasonable finder of fact could find for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party carries the initial burden of showing that no genuine issue of material fact exists.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Relios has created a number of pieces of jewelry that "Gloster claims infringe on Gloster's copyrighted design." *See* Pls. Opp'n Br. to Renewed S.J. Mot. (Docket #156) at 1-2.  The "copyrighted design" alleged to have been infringed is a sculpture featuring a family grouping of two parents (with heads touching) and two children, "which was offered for sale in the [June/July 1995] Smithsonian catalogue." *Id.* at 2.  As Gloster has explained in a memorandum to this court concerning another summary judgment motion, "[T]he copyrighted design in the Smithsonian is the only Gloster work at issue in this dispute." Pls. Opp'n Br. to S.J. Mot. Regarding Copyright Matters (Docket #125) at 3; *see id.* 1 and Exhibit 2.  This design is VA-804-783, first published on November 2, 1992 and registered for copyright on March 2, 1998.  The dates of first publication and copyright registration are not disputed.

Relios created seven different designs featuring similar family groupings[1] and attached them as pendants (referred to herein by various turns of phrase, including the

---

[1] These seven designs are: 1 parent with 1 child; 1 parent with 2 children; 1 parent with 3 children; 2 parents with 1 child; 2 parents with 2 children; 2 parents with 3 children; a couple.  This court understands Gloster to be alleging that each of Relios's works infringes on the Gloster design which appeared in the 1995 Smithsonian catalogue.

"seven pendant designs" or "family combination designs") to a variety of jewelry items, such as bracelets or necklaces.  The jewelry items——bracelets, necklaces, etc.—were created on various dates from 1995 to 2001.  However, Relios claims that the seven pendant designs, which were then attached to these jewelry items, were created in 1995–1996, before Gloster registered its design for copyright.

## I.

Statutory damages are designed to give copyright owners an incentive to register their works early and to give potential infringers an incentive to check the Copyright Office's national database of records.  To facilitate these goals, statutory damages and attorney's fees are only available to copyright holders if they register either before infringement, or within three months of first publication.  17 U.S.C. § 412 states:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a) or an action instituted under section 411(b), no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for –
> (1) . . .
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of registration, unless such registration is made within three months after the first publication of the work.

### A. Continuing Infringement

If infringement occurs before registration and the copyright holder does not register within three months of first publication, statutory damages and attorney's fees are

unavailable.  Courts in this District have held, in cases involving a series of continuing infringements, that "infringement of copyright" has, within the meaning of § 412, "commenced" with the first act of infringement.  *See Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2005 WL 67077, *3-4 (E.D. Pa. 2005) (holding that infringement commences with the first infringing act in a course of continuing infringement); *Whelan Assocs., Inc. v. Jaslow Dental Lab, Inc.*, 609 F. Supp. 1325, 1331 (E.D. Pa. 1985) (reasoning that classifying "commencement" of infringement as the first act in a series of infringing acts will best encourage early registration).

This analysis of statutory damages for continuing copyright infringement is the prevailing view.  *See, e.g., Johnson v. Jones*, 149 F.3d 494 at 504-06 (6th Cir. 1998) ("Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (finding that the legislative history of § 412 supports the view that infringement "commences" at the first act of infringement in a series of infringing acts).

Thus, if the first act in a continuing course of infringement occurs before registration and the copyright holder does not register within three months of first publication, statutory damages and attorney's fees are unavailable.  This is true even if infringement continues after registration.

### B. Separate Acts of Infringement of the Same Work

In *Mason v. Montgomery Data, Inc.*, the Fifth Circuit, after careful analysis of the legislative history of § 412 and of § 504,[2] held that "infringement" under § 412 encompasses all infringements of the same copyrighted work. 967 F.2d at 143. In that case, the defendant had committed separate acts of infringement of the same work after it was registered. The *Mason* court "conclude[d] that a plaintiff may not recover an award of statutory damages and attorney's fees for infringement that commenced after registration if the same defendant commenced an infringement of the same work prior to registration." *Id.* at 144. This court finds *Mason* persuasive.[3]

### II.

Relios asserts, and Gloster does not dispute, that copyright registration for VA-804-783 was made more than three months after first publication of the work. Thus,

---

[2] *See* H.R. Rep. No. 1476 at 158, 162, *reprinted in* 1976 U.S.C.C.A.N. at 5679, 5774, 5778.

[3] The court in *Mason* also looked to the language and legislative history of § 504 of the Copyright Act because § 412 bars statutory damages "as provided by" § 504. *See Mason*, 976 F.2d at 143. Section 504 states that a copyright holder can receive "statutory damages for all infringements involved in the action with respect to any one work." The House Report explains that "[a] single infringer of a single work is liable for a single amount . . . , no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series." H.R. Rep. No. 1476 at 162, *reprinted in* 1976 U.S.C.C.A.N. at 5659, 5778; *accord Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990).

This is distinguishable from the Act's treatment of actual damages, which are available for any proven infringement within the statute of limitations, even if other infringements occurred outside the statutory period. *See, e.g., Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

Gloster will not be entitled to statutory damages if infringement commenced before registration on March 2, 1998.

### A. Dates of Creation

Gloster has offered evidence that Relios created many pieces of jewelry after Gloster registered the VA-804-783 copyright.  For example, Relios's internal documentation shows descriptions of its works and lists "dates of creation," many of which are in 1999, 2000, and 2001.  *See* Pls. Opp'n Br. to Renewed S.J. Mot., Exhibit 1-2.  Gloster describes sixty-three works that it claims were "created" in these years.

Relios, however, has offered a great deal of uncontroverted evidence that it had developed all seven of the allegedly infringing pendant designs in 1995 and 1996, prior to Gloster's copyright registration.  Relios points out that each of the designs that Gloster claims was created after registration features one of the seven family combinations described *supra* note 1.  Relios offers evidence of sales of all seven of these designs in 1995 and 1996.  Indeed, Gloster's own exhibits, which feature Relios's sales data, show sales of all the two-parent designs in 1996.  *See* Pls. Opp'n Br. to Renewed S.J. Mot., Exhibit 1.  Relios provides an advertisement that includes pictures of all seven disputed designs, which includes at the bottom notice of copyright of the designs in 1995/1996. *See* Def. Reply Br. in Support of Renewed S.J. Mot. (Docket #157), Exhibit A.  Relios also provides additional sales data that show sales of all the one-parent designs and the couple design in 1996.  *See id.*, Exhibit B.  While these sales were very limited, evidence

6

of creation and sale of the designs in 1996 has not been disputed.

Relios also cites the deposition testimony of Ms. Pollack as proof that the designs were created prior to Gloster's copyright registration.  Ms. Pollack's testimony indicates that all the designs had been created by 1996.  *See id.*, Exhibit C.  Finally, Relios provides its own copyright registration from January of 1996, which refer to "Loving Family" designs with one, two, and three children.  *See id.*

Relios has provided sufficient evidence to support the conclusion that it created all seven designs by 1996, prior to Gloster's copyright registration.  Gloster has not presented any evidence that gives rise to a genuine question of material fact.  On the issue of the dates of creation of the allegedly infringing designs, no reasonable finder of fact could conclude that Relios's seven designs were created any later than 1996.

**B. Infringement of a Single Work**

After Relios created the seven pendant designs, it attached them to different types of jewelry in subsequent years.  For example, by 1996 Relios used a design featuring two parents and one child on a broach and on a toggle bracelet that was created in 2000.  *See* Pls. Opp'n Br. to Renewed S.J. Mot., Exhibit 1.  Gloster argues that attaching the same allegedly infringing designs to new jewelry items constitutes new acts of infringement. But Gloster's argument cannot be squared with the case law discussed above.

Relios used the designs it created in 1995 and 1996, which allegedly infringe Gloster's VA-804-783 copyright, in new pieces of jewelry, subsequent to Gloster's 1998

copyright registration.  Because the family grouping pendants—the allegedly infringing part of the jewelry—were unchanged in the subsequently created pieces of jewelry, this appears to constitute continuing infringement of the same work.  So viewed, infringement "commenced" prior to registration, and statutory damages are barred.  *See Schiffer* and *Whelan*, *supra*.  Moreover, even if Relios's use of the allegedly infringing designs in new jewelry items were viewed as separate, rather than continuing, infringements, *Mason* would preclude an award of statutory damages.

## Conclusion

Accordingly, in an order accompanying this opinion Relios's renewed motion for summary judgment (Docket # 148) will be granted.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GLOSTER AND VICTORIA GLOSTER t/b/a GLOSTER MARKETING, | CIVIL ACTION |
| Plaintiffs, | No. 02-7140 |
| v. | |
| RELIOS, INC., H. WILLIAM POLLACK III, CAROLYN POLLACK | |
| Defendants. | |

## ORDER

June 28, 2006

For the reasons stated in the foregoing opinion, it is hereby ORDERED that defendants' renewed motion for summary judgment on the issue of statutory damages and attorney's fees (Docket #148) is hereby GRANTED.

FOR THE COURT:

_____

Pollak, J.