UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GLOSTER, et al.,

        Plaintiffs

  v.

RELIOS, INC.,

        Defendant

CIVIL ACTION

No. 02-7140

## MEMORANDUM/ORDER

March 22, 2007,

       The current disagreement between the parties in this case relates to the disposition of certain discovery materials provided by defendant Relios, Inc. to plaintiffs Michael and Victoria Gloster. Many of the documents provided to the Glosters by Relios were designated by Relios as "confidential" under a Stipulated Confidentiality Order (Docket No. 30, filed Jan. 9, 2004) entered pursuant to Federal Rule of Civil Procedure 26(c). In addition to imposing limitations on the Glosters' use and/or distribution of such documents, the Stipulated Order provided that

> "[w]ithin one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified . . . shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.

(Stipulated Confidentiality Order ¶ 17.)

On August 21, 2006, following a settlement agreement, this case was dismissed with prejudice pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure of this Court. On December 12, 2006, however, the Glosters moved for relief from the Stipulated Confidentiality Order, arguing that they would need to use many of the confidential documents produced by Relios in a separate malpractice suit against their original attorneys in this suit. The Glosters claim that Relios has refused to grant permission to retain the documents solely out of "spite." Relios, opposing the Glosters' motion, claims it has refused permission not out of spite, but out of a concern for the privacy of its proprietary documents and a desire to receive the benefit of the bargain it entered in the Stipulated Confidentiality Order—namely, that, when this case was over, it would get its documents back. (Relios points out that it has "kept its part of the agreement by returning produced documents to the plaintiffs.")

The Glosters may well be right that the simplest course of action would be for the Glosters to be permitted to keep at least some of the documents currently in their possession, rather than require the Glosters to return the documents to Relios, only to turn around and immediately re-subpoena them. However, this is an argument that the Glosters can make to the court before which their malpractice suit is pending. It is not appropriate for this court to continue indefinitely managing the parties' confidentiality agreement, long after the case has settled and been dismissed.

Therefore, it makes good sense for this court promptly to turn over supervision of

the confidentiality agreement to the court in which the malpractice suit is pending. To effectuate this, I will enter an order providing that the Glosters may, notwithstanding Paragraph 17 of the Agreement, retain possession of Relios's documents through Friday, April 6, 2007. This will allow the Glosters two weeks in which to move for appropriate relief in the court hearing the malpractice suit. Until April 6, 2007, all other provisions of the Stipulated Confidentiality Order will continue to be enforceable in this court. Thereafter, this court will no longer have charge of the Stipulated Confidentiality Order.

**ORDER**

AND NOW, this 22nd day of March, 2007, upon consideration of plaintiffs' Motion for Relief from Stipulated Confidentiality Order (Docket No. 183) and defendant's opposition thereto (Docket No. 184), and for the reasons stated in the accompanying Memorandum,  IT IS ORDERED that:

1. Plaintiffs' motion is GRANTED to the extent that plaintiffs may retain any documents produced under the Stipulated Confidentiality Order of January 9, 2004 (Docket No. 30) until April 6, 2007; and

2. In all other respects, plaintiffs' motion is DENIED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.